UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY \_\_\_\_ D.C.

97 FEB -4 AM 10: 21

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

SECURITIES AND EXCHANGE COMMISSION, )
                                    )  CIVIL ACTION NO.
                      Plaintiff     )  97-0280
                                    )
v.                                  )  COMPLAINT FOR INJUNCTIVE
                                    )  AND OTHER RELIEF
J.W. KORTH & CO. and                )
JAMES WILDER KORTH,                 )  CIV-UNGARO-BENAGES
                                    )       MAGISTRATE JUDGE
                      Defendants.   )            TURNOFF
                                    )

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") alleges as follows:

1.   This matter involves the ongoing refusal of Defendants, J.W. Korth & Co. ("JWK"), a registered broker-dealer, and its president, James Wilder Korth ("Korth"), to give the SEC access to certain records concerning defaulted pre-World War II German gold bonds (the "German Bonds") in violation of the federal securities laws.  Sections 17(a)(1) and 17(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 17a-4(j) promulgated thereunder, require Defendants to give the SEC true and complete copies of records containing the certificate numbers of securities such as the German Bonds.  Despite the SEC's repeated demands, JWK, aided and abetted by Korth, has refused to do so, and has instead given the SEC altered and redacted copies which omit the critical certificate number information.

2.   Defendants' willful defiance of the law has interfered with the SEC's well-settled powers to examine the books and records of a registered broker-dealer.  Accordingly, Defendants have

hindered the SEC's efforts to determine whether their offering of the German Bonds violates other provisions of the federal securities laws. In fact, the SEC has received preliminary information tending to indicate that the vast majority of the German Bonds in circulation may be invalid and unredeemable.

3. Defendants JWK and Korth will, unless restrained and enjoined by this Court, continue to flout the law and refuse to give the SEC true and complete copies of the relevant records.

## DEFENDANTS

4. J.W. Korth & Co. is a securities broker and dealer registered with and regulated by the SEC pursuant to Section 15 of the Exchange Act. JWK is primarily engaged in the business of underwriting debt offerings on behalf of major corporations. It maintains its headquarters in Farmington Hills, Michigan and has a branch office located in Miami, Florida. The Miami office deals exclusively in the offer and sale of German Bonds.

5. James Wilder Korth is the president of JWK. He resides in Coconut Grove, Florida and works out of the firm's Miami office.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Exchange Act.

7. Certain of the acts and transactions constituting violations of the Exchange Act have occurred within the Southern District of Florida. Defendant JWK's branch office is located within the Southern District of Florida. Defendant Korth resides in the Southern District of Florida. Defendants JWK and Korth have

## BACKGROUND

8.  In October 1996, JWK began offering and selling the German Bonds to the public. JWK, with the substantial assistance of Korth, offered two defaulted German Bonds for sale: the 5.5% German International Loan of 1930 ("Young bond") and the 7% External Loan of 1924 ("Dawes bond"). JWK offered the Young bond, with a face amount of $1,000 for $1,250, and the Dawes bond, with a face amount of $1,000 for $1,500. JWK has sold 14 of the 50 bonds in its inventory to three investors.

9.  JWK, with the substantial assistance of Korth, issued a press release about the German Bonds which was reported by several newspapers and magazines, including the Wall Street Journal, Miami Herald, and Business Week. Prompted by these articles and pursuant to its statutory authority, the SEC conducted a cause examination of JWK's Miami office on November 27, 1996. Korth was present during the examination.

### DEFENDANTS' REFUSAL TO FURNISH TRUE AND COMPLETE COPIES OF RECORDS RELATING TO THE GERMAN BONDS

10.  During the examination, the SEC requested that Defendants provide copies of certain books and records, including blotters, reflecting the certificate numbers of the German Bonds. Defendants agreed to provide the SEC with copies of the German Bonds and the requested books and records.

11.  The SEC returned the following week to obtain the copies of the German Bonds and the books and records reflecting their certificate numbers, but Defendants refused to provide them. Instead, Defendants demanded a written explanation of the reasons for the SEC's request for the German Bonds' certificate numbers.

12. On December 2, 1996, Defendants made a written proposal to the SEC offering to turn over JWK's research and due diligence files concerning the German Bonds if the SEC hired JWK as a consultant for a fee. Defendants still refused, however, to give the SEC copies of the books and records reflecting the German Bonds' certificate numbers.

13. On December 3, 1996, the SEC rejected Defendants' proposal and again demanded copies of the records. Defendants refused to comply.

14. On December 6, 1996, after retaining counsel, Defendants delivered to the SEC what purported to be JWK's entire research and due diligence files on the German Bonds. Defendants did not, however, produce copies of the relevant records.

15. On December 9-10, 1996, the SEC returned to JWK's Miami office to complete its examination. Defendants gave the SEC examiners copies of the blotters and other original entry documents, i.e., documents reflecting receipt and disposition of the German Bonds. However, the blotters did not contain the certificate numbers, and Defendants had redacted the certificate numbers or failed to include them with the other documents. Defendants also gave the SEC copies of the German Bonds themselves, but again redacted the certificate numbers.

16. During the course of the SEC's efforts to secure Defendants' compliance with the federal securities laws, Defendants represented that, pending a resolution of this matter, JWK would not offer or sell the German Bonds. Despite this representation, the SEC subsequently learned that JWK was touting the German Bonds

on JWK's Internet Web Page and was continuing to solicit "indications of interest" from prospective purchasers and clients.

17. Defendants subsequently ceased this activity, but only after the SEC questioned JWK's counsel about it. Recently, the SEC has learned that Defendants are considering offering the German Bonds to the public through a public, cash auction.

18. The SEC has obtained information from the German government and the paying agent for the German Bonds indicating that the vast majority of all German Bonds in circulation are invalid and unredeemable.

19. Defendants' refusal to provide the SEC with true and complete copies of the records reflecting the certificate numbers has hampered the SEC's investigation into the validity of JWK's German Bonds. The SEC is particularly concerned about the danger to the investing public given Defendants' prior offers and sales and present intention to sell the German Bonds in a public, cash auction.

## CAUSE OF ACTION

### Violations of Section 17(a)(1) and 17(b) of the Exchange Act and Rule 17a-4(j) thereunder

20. Paragraphs 1 through 19 are hereby realleged and incorporated by reference.

21. Section 17(a)(1) of the Exchange Act requires broker-dealers to make and keep certain books and records and to furnish copies to the SEC in accordance with rules promulgated by the Commission. Pursuant to Section 17(b), all such records are subject to examination at any time by the SEC.

22. SEC Rule 17a-4(j) requires that broker-dealers must, upon demand, "furnish promptly" to the SEC "legible, true and complete copies" of records required to be preserved under Rule 17a-4.

23. Pursuant to subsection (a) of Rule 17a-4, such records include records broker-dealers are required to maintain under Rule 17a-3(a)(1).

24. SEC Rule 17a-3(a)(1) provides that broker-dealers must make and keep "records relating to [their] business," including "[b]lotters (or other records of original entry) containing an itemized daily record of all . . . receipts and deliveries of securities (including certificate numbers)."

25. JWK is a broker-dealer registered with the SEC and is subject to these statutes and rules.

26. JWK has and unless enjoined will continue to violate Sections 17(a)(1) and 17(b), and Rule 17a-4(j), by refusing to furnish promptly true, complete and unredacted copies of blotters or other original entry records setting forth the certificate numbers for the German Bonds.

27. Korth has and unless enjoined will continue to knowingly provide substantial assistance to JWK in connection with JWK's violations of these provisions of the Exchange Act, and is therefore liable as an aider and abettor pursuant to Section 20(f) of the Exchange Act.

## RELIEF SOUGHT

**WHEREFORE,** the SEC respectfully requests that the Court:

I.

**Declaratory Relief**

Declare, determine and find that Defendants JWK and Korth committed the violations of the federal securities laws alleged herein.

II.

**Temporary Restraining Order, Preliminary and Permanent Injunctive Relief**

Issue a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction, restraining and enjoining Defendants JWK and Korth, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Sections 17(a)(1) and 17(b) of the Exchange Act and Rule 17a-4(j) promulgated thereunder.

III.

**Penalties**

Issue an Order directing Defendants JWK and Korth to pay civil penalties pursuant to Section 21(d) of the Exchange Act.

IV.

**Records Preservation and Expedited Discovery**

Issue an Order requiring Defendants JWK and Korth to preserve any records related to the subject matter of this lawsuit that are in their custody, possession or subject to their control, and to respond to discovery on an expedited basis.

V.

**Further Relief**

Grant such other and further relief as may be necessary and appropriate.

VI.

**Retention of Jurisdiction**

Further, the SEC respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may hereby be entered, or to entertain any suitable application or motion by the SEC for additional relief within the jurisdiction of this Court.

Respectfully submitted,

**CHARLES V. SENATORE**
Regional Director
Florida Bar No. 308935

Christian R. Bartholomew
Senior Trial Counsel
S.D. Fla. Bar No. A-5500258

Spencer C. Barasch
Assistant Regional Director
District of Columbia Bar No. 388886

Chedly C. Dumornay
Chief, Branch of Enforcement #3
Florida Bar No. 957666

David R. Chase
Senior Counsel
Florida Bar No. 967970

Dated:  February 4, 1997        Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
1401 Brickell Avenue, Suite 200
Miami, Florida  33131
Telephone: (305) 982-6344
Facsimile: (305) 536-7465

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**  **97-0280**

J.W. KORTH & CO. and
JAMES WILDER KORTH

**CIV - UNGARO - BENAGES**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A Dade 97 cv 0280 UUB/WCT

**MAGISTRATE JUDGE TURNOFF**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christian R. Bartholomew, Esq. (305) 982-6344
David R. Chase, Esq. (305) 982-6363   SEC
1401 Brickell Ave., Suite 200, Miami, FL 33131

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §§ 78q(a)(1) and 78q(b), 17 C.F.R. §§ 240.17a-4(a) 240.17a-4(j).
Violations of the books and records provisions of the federal securities laws.

IVa. 2 days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | ☐ 690 Other | A LABOR | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | | ☐ 864 SSID Title XVI | |
| | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | B ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | * ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | *A or B | | | Appeal to District |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Refiled
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** TRO, Perm. & Prel. Inj.   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD
Christian R. Bartholomew, Esq.

FOR OFFICE USE ONLY: Receipt No. _____  Amount: _____
Date Paid: _____  M/ifp: _____

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90